```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

WILLIAM L. CORMIER                       CIVIL ACTION

VERSUS                                   NO: 11-3170

BLUE MARLIN SUPPORT SERVICES,            SECTION: J(3)
LLC, ET AL.
```

### ORDER AND REASONS

This matter is before the Court on a Motion to Transfer Venue **(Rec. Doc. 18)** filed by Defendants Cal Dive Offshore Contractors, Inc., and Cal Dive HR Services, LLC. Plaintiff William Cormier has filed a Memorandum in Opposition to the motion **(Rec. Doc. 20)**, to which Defendants have replied **(Rec. Doc. 26)**. Having considered the parties' arguments, the record, and the applicable law, the Court hereby **GRANTS** the motion, for the reasons set forth more fully below.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This motion arises out of a personal injury lawsuit filed under the Jones Act and general maritime law by Plaintiff William Cormier. Plaintiff alleges that he sustained injuries when he slipped and fell while working as a cook on board a vessel, the M/V BRAVE, while it was docked in Port Arthur, Texas on April 26, 2011. Named as Defendants in his complaint are Blue Marlin

1

Services of Acadiana, LLC ("Blue Marlin"), Cal Dive International, Inc., and three of Cal Dive's apparent subsidiaries – Cal Dive HR Services, LLC and Cal Dive Offshore Contractors, Inc., and CDI Vessel Holdings LLC (collectively, "Cal Dive") – each of which are alleged to be Plaintiff's Jones Act employer and the owner, owner *pro hac vice*, and/or the operator of the M/V BRAVE.[1]  After answering Plaintiff's second amended complaint, Cal Dive now moves to transfer venue pursuant to 28 U.S.C. § 1404.

## LEGAL STANDARD

A district court may transfer an action to any other district where the plaintiff could have originally filed suit "for the convenience of the parties and the witnesses" when such a transfer is "in the interest of justice."  28 U.S.C. § 1404(a).  Although a plaintiff's choice of forum is clearly important, that choice is "neither conclusive nor determinative."  In re Horseshoe Entm't, 337 F.3d 429, 434-35 (5th Cir. 2003).  A defendant seeking a transfer of venue must demonstrate that the plaintiff could have originally brought the action in the transferee court.  In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I") ("In applying the provisions of §

---

[1] Another company, Helix Energy Solutions Group, Inc., was also named as a defendant in Plaintiff's original complaint but was subsequently voluntarily dismissed from this action. Rec. Doc. 16.

2

1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."). After this initial showing has been made, the defendant must then demonstrate "good cause" why the case should be transferred. See In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) ("Volkswagen II"). A defendant can carry this burden by showing, through the private and public interest factors enunciated in Gulf Oil Corp. v. Gilbert, 330 U.S. 505, 508 (1947), that the transferee district is a more convenient venue. Volkswagen II, 545 F.3d at 315.

The private interest factors a court should consider include: (1) "the relative ease of access to sources of proof;" (2) availability of witnesses; (3) possibility of view of premises, if view would be appropriate to the action;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." Volkswagen I, 371 F.3d at 203 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981). The relevant public interest factors are: (1) the administrative difficulties created by court congestion; (2) the interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the state law that must govern the case; (4) the unfairness of burdening citizens in an unrelated forum with jury

duty; and (5) the interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law.  Id.  The above-listed factors are not necessarily exhaustive or exclusive, and none should be given dispositive weight. Volkswagen II, 545 F.3d at 315 (citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp., 358 F.3d 337, 340 (5th Cir. 2004)).  Furthermore, unless the balance of factors strongly favors the moving party, the plaintiff's choice of forum should not be disturbed.  Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir. 1989).

## DISCUSSION

### A. Could Plaintiff Have Brought This Action in the Western District of Louisiana?

As a preliminary matter, the Court must first determine whether Plaintiff could have originally brought this action in the United States District Court for the Western District of Louisiana.  Although Plaintiff is suing under the Jones Act, 46 U.S.C. § 688, he does not invoke federal question jurisdiction. Instead, he has designated this matter as falling exclusively within the admiralty and maritime jurisdiction of this Court pursuant to Supplemental Rule 9(h) of the Federal Rules of Civil Procedure.[2]  As a result, the venue provisions of the Jones Act do not apply, and the Court must look instead to the law governing venue in admiralty cases.  See Shull v. United Barge

---

[2]  See Amended Complaint, Rec. Doc. 4, p. 1.

4

Lines, No. 09-5515, 2010 WL 745006, at *5 (E.D. La. Feb. 26, 2010); Richoux v. R & G Shrimp Co., 126 F. Supp. 2d 1007, 1009 n.1 (S.D. Tex. 2000) ("The venue provisions of the Jones Act . . . do not apply to cases brought on the admiralty side of federal court.").[3]

In an admiralty case, venue is proper in any court with personal jurisdiction over the defendant. See In re McDonnell-Douglas Corp., 647 F.2d 515, 516 (5th Cir. 1981) ("[T]he general admiralty practice prevails, in which venue and personal jurisdiction analyses merge.") (citation and quotation omitted). For an *in personam* action, venue is proper anywhere valid service could have been made on the defendant. Id. ("Hence, a court sitting in admiralty has personal jurisdiction over any defendant sued *in personam* whom the court can reach with process.") (quoting H & F Barge, Inc. v. Garber Bros., Inc., 65 F.R.D. 399, 404 (E.D. La. 1974)). Here, it appears that this suit could have been filed in the Western District of Louisiana, as the Cal Dive seemingly concedes that it is subject to personal jurisdiction in the Western District of Louisiana, and Defendant Blue Marlin is similarly organized under Louisiana law and based in Lafayette, Louisiana.[4] Accordingly, the Court now turns to

---

[3] Under the Jones Act, venue is proper "in the district in which the defendant employer resides or in which his principal office is located." 46 U.S.C. § 688.

[4] See Rec. Doc. 18-2, p. 6; Rec. Doc. 18-3; Rec. Doc. 18-4.

the second step of the § 1404(a) analysis, as guided by the Gilbert factors.

**B. Application of the Gilbert Factors**

Applying the Gilbert factors to the facts of the instant case, the Court is persuaded that transfer of this matter to the Western District of Louisiana is warranted, for the reasons stated below.

**1. The Private Interest Factors:**

**(a) Situs of Material Events**

The accident giving rise to this case occurred on board a vessel stationed at Port Arthur, Texas, which is within the Eastern District of Texas. Although the situs of the alleged wrong is not within the Western District, it is nonetheless geographically closer to the Western District of Louisiana than the Eastern District. The Court finds this factor supports transfer. See Campbell v. Dynamic Cranes, L.L.C., No. 05-241, 2005 WL 2562091, at *3 (S.D. Tex. Oct. 6, 2005) (noting that although the plaintiff was not actually injured in the Western District of Louisiana, he was injured "closer to the Western District of Louisiana," than to the Southern District of Texas, and thus finding this factor to weigh in favor of transfer to the Western District of Louisiana).

**(b) Convenience of Witnesses**

The convenience of the venue for non-party witnesses is one

of the most important factors in the § 1404(a) calculus.  See R.T. Casey, Inc. v. Cordova Tel. Coop., Inc., No. 11-2794, 2012 WL 1188796, at *4 (E.D. La. Apr. 9, 2012).  Here, significantly, the majority of the non-party fact witnesses appear to reside within the Western District, rather than the Eastern District.  Cal Dive has specifically produced the names and addresses of approximately 20 of the individuals present on the M/V BRAVE on the date of Plaintiff's alleged accident.  Each of these potential witnesses reside in or near the Western District of Louisiana.[5]  Similarly, the majority of the medical professionals who treated Plaintiff following his accident reside in the Western District.[6]  See Marquette Transp. Co. v. Trinity Marine Prods., Inc., No. 06-0826, 2006 WL 2349461, at *6 (E.D. La. Aug. 11, 2006) (granting motion to transfer venue where the transferee district was closer "for a number of potential witnesses"); Roulston v. Yazoo River Towing, Inc., No. 03-2791, 2004 WL 1687232, at *3 (E.D. La. July 26, 2004) (convenience of witness factor weighed in favor of transfer where most of the crew members who may have witnessed accident were domiciled in

---

[5]  However, the Court gives the convenience of these witnesses slightly less weight than it otherwise would on account of their status as Cal Dive employees.  See Gregoire v. Delmar Sys., Inc., No. 05-2812, 2005 WL 3541051, at *2 (E.D. La. Dec. 5, 2005).

[6]  See Rec. Doc. 18-7, pp. 2-3 (listing names and addresses of physicians providing treatment following accident).

proposed transferee district); Roadway Exp., Inc. v. Nat'l Freight, Inc., No. 99-450, 1999 WL 350100, at *2 (E.D. La. May 27, 1999) (finding that transfer was warranted where the witnesses to the accident were located closer to transferee district). The costs of obtaining the attendance of these witnesses for trial can be alleviated if this matter is litigated in the Western District, and thus this factor militates in favor of transfer.[7]

**(c) Convenience of the Parties**

In evaluating whether a transfer of venue is warranted, a district court should also consider the convenience to the litigants themselves. See Preis, Kraft & Roy v. Dallas Fire Ins. Co., No. 05-00953, 2006 WL 1793649, at *9 (W.D. La. June 15,

---

[7] It is true, as Plaintiff points out, that a few other witnesses – including his treating physician, expert economist, and vocational rehabilitation expert – reside in the Eastern District of Louisiana. Even so, the number of witnesses residing in the Western District far outnumber the few residing here. See Wireless Recognition Techs. LLC v. A9.com, Inc., No. 10-364, 2012 WL 506669, at *5 (E.D. Tex. Feb. 15, 2012) (convenience of witness factor weighed in favor of transfer where "the number of witnesses residing in Texas, and any relevant information which they may provide, pale[d] in comparison to the number of party and non-party witnesses with relevant information residing in [the proposed transferee district]"). Furthermore, there is at least some authority suggesting that the "witness convenience factor" should only be applied to fact witnesses, and not expert witnesses. See McDonough Marine Serv. v. Royal Ins. Co., No. 00-3134, 2001 WL 576190, at *5 (E.D. La. May 25, 2001); Trestman v. Microstrategy, Inc., No. 01-0685, 2001 WL 1471707, at *6 (E.D. La. Nov. 15, 2001); Promuto v. Waste Mgmt., Inc., 44 F. Supp. 2d 628, 639-40 (S.D.N.Y. 1999) (noting that "the convenience of expert witnesses is entitled to little weight, if any").

8

2006) (noting that convenience of the parties is one of the most important factors in the § 1404(a) analysis).  Here, each of the parties to this action are residents of the Western District of Louisiana, rather than the Eastern District:  Plaintiff is a resident of Iberia Parish,[8] which is located within the Western District, and both Cal Dive International, Inc., and Blue Marlin similarly maintain their principal business offices in the state of Louisiana within the Western District.[9]  Litigating this matter in the Western District would thus appear to be easily more convenient for each of the litigants.

### (d) Relative Ease of Access to Sources of Proof

Because Defendants' primary business establishment within the state are located in the Western District, the majority of the relevant business or employment records related to Plaintiff's accident can be more readily accessed with fewer costs and less business interruption if this matter proceeds in the Western District of Louisiana.  The Court therefore finds that this factor also weighs in favor of transfer.  See Volkswagen II, 545 F.3d at 316 (location of documents and

---

[8]  Complaint, Rec. Doc. 1.

[9]  Blue Marlin is a Louisiana limited liability company based in Lafayette, Louisiana. Rec. Doc. 18-3.  Cal Dive, International, Inc. is a Delaware corporation with its principal business establishment in Louisiana in New Iberia.  Rec. Doc. 18-4; see also Louisiana Secretary of State Corporations Database, available at http://www.sos.la.gov/tabid/819/default.aspx (last visited July 17, 2012).

9

physical evidence relating to an accident weigh in favor of transferring venue); see also BLB Aviation S.C. LLC v. Jet Linx Aviation Corp., No. 09-66, 2010 WL 370342, at *4 (M.D. La. Jan. 29, 2010) (noting that where one party "is in possession of more of the information relevant to the issues" in the case, the ease of access to sources of proof factor favors transfer to the location of that party).

**(e) Delay or Prejudice**

When "the action is still in the early stages of litigation, any delay resulting in the transfer to the proper forum should not prejudice either party." Peters v. Milton Hall Surgical Assocs., No. 03-1254, 2003 WL 22174274, at * 2 (E.D. La. Sept.11, 2003). Here, this case is only in the preliminary stages of the litigation, and no trial date has been set or scheduling order entered. Accordingly, there is little chance of delay or prejudice to either party if this matter is transferred, and this factor carries essentially no weight in the Court's analysis.

**(f) Plaintiff's Choice of Forum**

Finally, the Court gives some consideration to the fact that the Eastern District of Louisiana is Plaintiff's chosen forum. However, the Court gives this choice substantially less weight in this case, in light of the clear showing by Cal Dive that the Western District is a more convenient forum for this matter to be litigated. Furthermore, courts afford less deference to the

presumption favoring the plaintiff's choice of forum if the plaintiff is not a resident of the district in which he filed suit and where the forum district has no particular connection to the underlying cause of action. Roulston, 2004 WL 1687232, at *2; Allen v. Ergon Marine & Indus. Supply, Inc., No. 08-4184, 2008 WL 4809476, at *4 (E.D. La. Oct. 31, 2008). Here, aside from the fact that suit was filed here, the Eastern District has little connection to the facts of this case. Accordingly, this factor leans only marginally in favor of retaining venue in the Eastern District.

**2. The Public Interest Factors**:

**(a) Administrative Difficulties Due to Court Congestion**

Although Court congestion may be a relevant consideration in deciding a motion to transfer, neither party has indicated that this factor bears any significance under the facts of this case. Accordingly, the Court gives it little consideration here.

**(b) The Relationship of the Controversy to the Forum**

Courts have recognized that "the local interest in deciding local issues at home favors transfer to a venue that will vindicate such an interest." Piper Aircraft, 454 U.S. at 241 n.6. Here, Plaintiff's accident is alleged to have occurred in Port Arthur, Texas, within the Eastern District of Texas. This would seem to suggest that neither the Eastern nor the Western District of Louisiana has a strong local interest in the

resolution of this controversy. However, as previously mentioned, Defendants' principal business operations in this state are based in the Western District, where Plaintiff is domiciled. Comparatively speaking, the Western District has a stronger interest in the resolution of disputes between its residents than this Court does. See <u>Miller v. JanTran, Inc.</u>, No. 11-2544, 2012 WL 2088650, at *5 (E.D. La. June 8, 2012) (local interest factor strongly favored transfer to Northern District of Mississippi where none of the parties resided within the Eastern District and defendant company had its principal place of business within transferee district). Accordingly, this factor militates in favor of transfer.

**(c) Choice of Law Issues**

As previously noted, Plaintiff's claims arise under the Jones Act and maritime law. As a result, the same law applies regardless of which district court applies it. Because the Western District of Louisiana is equally competent to evaluate the merits of Plaintiff's claims as this or any other federal district court, this factor is neutral.

## CONCLUSION

In sum, the Court finds that the majority of the private interest factors – access to sources of proof, the convenience of witnesses and the parties, and other issues that would make trial of this matter easy, expeditious, and inexpensive – all point to

the Western District as the better venue choice.  The public interest factors are either neutral or weigh similarly in favor of transfer.  Accordingly, for these reasons, **IT IS ORDERED** that Defendants' Motion to Transfer Venue **(Rec. Doc. 18)** is hereby **GRANTED**, and this matter is transferred to the Western District of Louisiana for further disposition.

    New Orleans, Louisiana this 23rd day of July, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE